# EXHIBIT A

Case: 4:20-cv-00062-RLW   Doc. #:  1-1   Filed: 01/13/20   Page: 1 of 12 PageID #: 5

Electronically Filed - St Louis County - December 11, 2019 - 04:17 PM

**IN THE CIRCUIT COURT OF THE 21st JUDICIAL CIRCUIT
OF MISSOURI, ST. LOUIS COUNTY**

| | |
|---|---|
| BROOKE SEGREST ) | |
| ) | |
| Plaintiff, ) | Cause No.: |
| ) | |
| v. ) | |
| ) | Division: |
| NATIONAL AVIATION ) | |
| SERVICES, LLC ) | |
| ) | |
| Serve Agent at: ) | |
| ) | |
| Registered Agent Services, LLC ) | |
| 3225-A Emerald Ln. ) | |
| Jefferson City, MO 65109 ) | |
| ) | |
| ) | |
| ) | |
| Defendant. ) | **JURY TRIAL DEMANDED** |

**PETITION FOR DAMAGES**

COMES NOW, Plaintiff Brooke Segrest ("Plaintiff"), by and through undersigned counsel, and for her Petition states as follows and affirms that the facts stated in are true according to her best knowledge and belief:

**PARTIES AND VENUE**

1. Plaintiff is citizen residing in St. Louis County in the State of Missouri.

2. Defendant National Aviation Services ("Defendant" or "NAS") is a foreign Corporation which conducts business in St. Louis County, where Plaintiff was employed by Defendant, and is registered to do business in the state of Missouri.

3. The conduct alleged in this Petition in to have violated Missouri & Federal law took place in St. Louis County, thus venue in the Circuit Court of St. Louis County is proper pursuant to Section 508.010.4 MO Rev. Stat.

4. Plaintiff demands a trial by jury on all issues so triable in this case.

## FACTS COMMON TO ALL COUNTS

5. Defendant is engaged in the business cleaning commercial aircraft and does so at Lambert St. Louis International Airport.

6. Plaintiff began work for Defendant as an employee in March, 2019, assisting with and supervising the cleaning of commercial aircraft at Lambert St. Louis International Airport owned by Defendant's clients.

7. Plaintiff was induced to join NAS based on a promise of a wage of $17 per hour but was only paid $15.50 per hour.

8. Beginning in April, Plaintiff began coming in on off days and staying late in order to cover for her General Manager, Leslie Lopez, but was not paid overtime she worked nor given lunch breaks.

9. Plaintiff covering for Ms. Lopez in this manner is documented in part by text messages between them.

10. She began working 63-65 hours per week, accumulating unpaid overtime in the amount of approximately $550 per week.

11. Ms. Lopez was turning in time sheets in a way that corporate would not see the extra hours worked and ignored Plaintiff's demands that she be paid for all time worked.

12. In May, an NAS employee named Jermaine came to work, and into an aircraft, with a handgun.

13. In early May of 2019 Plaintiff reported to corporate that two employees, including an employee named Jermaine, had cocked guns on their person while traveling to the Metrolink they were using to commute to work.

14. The response of management, as articulated by a corporate manager named Paul and General Manager Leslie Lopez, to the complaints about the firearms was "Let's just leave it alone, they'll be gone soon."

15. Close to the time of her first complaint about guns, a corporate manager named Paul, visiting St. Louis, started rubbing her leg while driving her in a car and asked "Are you having sexual relationships with anyone at work?"

16. Plaintiff turned down Paul's advances.

17. On or about May 18, upon returning to work, Plaintiff complained to Mr. Lopez about her general mistreatment and also failure to receive overtime, to which Ms. Lopez relied "Go ahead and f---ing try to use it."

18. Ms. Lopez also told Plaintiff "You won't be doing anything after reporting, you won't be here long.  You thought Jermaine was bad, wait until everyone has a problem with you, you'll only be cleaning toilets," with respect to her various complaints, including about handguns and threats.

19. Threatening statements by Ms. Lopez were recorded by Plaintiff.

3

20. Jermaine then threatened Plaintiff while both were in a plane, presumably in retaliation for her complaints, on May 23, stating he would "slice your throat" and would "shoot your house and none of your kids will survive."

21. A report was made by Plaintiff to the police about this incident and to again to Defendant.

22. Another supervisor, Syndey, told the Police she heard the threats as well.

23. Around May 23, Plaintiff sent recorded hours of unpaid overtime to management, but has never been compensated.

24. Unable to cope with these objectively and subjectively intolerable conditions, which also represented a potential threat to her life, Plaintiff was forced to resign her position in a constructive discharge, on or about May 28, 2019.

25. As a result of her experiences with NAS, Plaintiff has endured an incredible amount of emotional distress and continues to deal with the daily fallout from the trauma she endured.

26. Plaintiff has also suffered significant damages in the form of lost wages and consequential damages.

27. Defendant acted with reckless indifference and/or evil motive.

### COUNT I - RETALIATION/ILLEGAL DISCHARGE IN VIOLATION OF MISSOURI WHISTLEBLOWER STATUTE, MO. REV. STAT. 285.575

28. Plaintiff incorporates by reference the above paragraphs as if fully set forth herein.

29. Plaintiff was illegally constructively discharged and retaliated against by Defendant due to her repeated & legitimate complaints about a specific and substantial dangers to public

4

safety and of matter to the public interest as articulated in various regulations & statutes related to aircraft safety, in violation of MO Rev. Stat. 285.575.

30. Defendant intentionally, and with retaliatory animus, caused the circumstances of Plaintiff's constructive discharge.

WHEREFORE, Plaintiff respectfully requests judgement, pursuant to verdict by jury, in her favor in an amount that is fair and reasonable for actual damages, back pay, front pay, interest on damages, for her attorney's costs and fees, and for such other and further relief to which the Court deems just and proper.

### COUNT II – RETALIATION UNDER THE FAIR LABOR STANDARDS ACT

31. Plaintiff incorporates by reference the above paragraphs as if fully set forth herein.

32. Plaintiff illegally retaliated against Plaintiff in her terms and conditions of employment based on her complaints of violations of the Fair Labor Standards Act of 1939, 29 USC 201 *et seq.* (the "FLSA") and its antiretaliation provisions at Section 15(a)(3) (in combination with her complaints implicating airline safety set forth in Count I above), thereby constituting a motivating factor in her constructive discharge.

WHEREFORE, Plaintiff respectfully requests judgement, pursuant to verdict by jury, in her favor in an amount that is fair and reasonable for actual damages, punitive damages, emotional distress damages, interest on damages, for her attorney's costs and fees, and for such other and further relief to which the Court deems just and proper.

### COUNT III – UNPAID WAGES IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

33. Plaintiff incorporates by reference all preceding Paragraphs.

34. In violation of the FLSA, Defendant failed to pay overtime wages due to Plaintiff.

35. These violations were intentional, thereby entitling Plaintiff to liquidated damages.

WHEREFORE, Plaintiff respectfully requests judgement, pursuant to verdict by jury, in her favor in an amount that is fair and reasonable for actual damages, liquidated damages, emotional distress damages, interest on damages, for her attorney's costs and fees, and for such other and further relief to which the Court deems just and proper.

### COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

36. Plaintiff incorporates by reference all preceding Paragraphs

37. By the acts described above, Defendant engaged in extreme and outrageous conduct that resulted in great emotional distress and psychological harm to her person, most specifically in permitting her to be threatened by co-workers carrying handguns at work.

38. Defendant's conduct was so outrageous in character and extreme in degree as to go beyond all possible bounds of decency.

WHEREFORE, Plaintiff respectfully requests judgement, pursuant to verdict by jury, in her favor in an amount that is fair and reasonable for actual damages, punitive damages, emotional distress damages, interest on damages, for her attorney's costs and fees, and for such other and further relief to which the Court deems just and proper.

Electronically Filed - St Louis County - December 11, 2019 - 04:17 PM

Respectfully Submitted,

 **/s/ Jeffrey D. Hackney**

Jeffrey D. Hackney
Missouri Bar No. 53158
HKM Employment Attorneys, LLP
13321 N. Outer 40 Dr., Suite 500
Town & Country, Missouri 63017
*Telephone: 314-448-4282*
*E-Mail: jhackney@hkm.com*
**Attorney for Plaintiff**

7



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>RICHARD M STEWART | Case Number: 19SL-CC05674 |
|---|---|
| Plaintiff/Petitioner:<br>BROOKE SEGREST | Plaintiff's/Petitioner's Attorney/Address<br>JEFFREY DAVID HACKNEY<br>2 CITY PLACE<br>SUITE 200<br>CREVE COEUR, MO  63141 |
| vs. | |
| Defendant/Respondent:<br>NATIONAL AVIATION SERVICES, LLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Other Miscellaneous Actions | |

(Date File Stamp)

## Summons in Civil Case

**The State of Missouri to:** NATIONAL AVIATION SERVICES, LLC
**Alias:**
REG AGENT SERVICES LLC
3225-A EMERALD LN
JEFFERSON CITY, MO  65109



*COURT SEAL OF*

*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

**23-DEC-2019**
Date

_____
Clerk

**Further Information:**
AD

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
☐ other _____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).
_____      _____
Printed Name of Sheriff or Server              Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).

(Seal)

My commission expires: _____      _____
                             Date                       Notary Public

OSCA (7-99) SM30  (SMCC) *For Court Use Only*: **Document ID# 19-SMCC-11654**     1     (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
                                                                                            54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

**Sheriff's Fees, if applicable**
Summons                                    $_____
Non Est                                    $_____
Sheriff's Deputy Salary
Supplemental Surcharge          $_____10.00_____
Mileage                                    $_____ (_____ miles @ $._____ per mile)
**Total                                         $_____**
A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

# NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.  A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.  Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

**Selecting an Alternative Dispute Resolution Procedure and a Neutral**

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73