IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BROOKE SEGREST </br></br> Plaintiff, </br></br> v. </br></br> NATIONAL AVIATION SERVICES, LLC </br></br> Defendant. | ) </br> ) </br> ) </br> ) </br> ) Civil Case No.: 4:20-cv-00062 </br> ) </br> ) </br> ) |

## ANSWER

Defendant National Aviation Services, LLC ("NAS") hereby Answers Plaintiff's Petition for Damages (hereafter referred to as "Complaint") as follows:

### PARTIES AND VENUE

1. NAS is without knowledge or information sufficient to form a belief as to Plaintiff's citizenship or residence and, therefore denies paragraph 1 of the Complaint.

2. NAS admits only that it is a foreign LLC, conducts business in St. Louis County, is registered to do business in the state of Missouri, and that Plaintiff was employed by NAS at its St. Louis County location. NAS denies any remaining allegations in paragraph 2 of the Complaint.

3. NAS admits only that venue is proper in this Court, but denies the alleged conduct and denies the remaining allegations in paragraph 3 of the Complaint.

4. NAS admits only that Plaintiff demands a jury trial in paragraph 4 of the Complaint.

### FACTS COMMON TO ALL COUNTS

5. NAS admits paragraph 5 of the Complaint.

6. NAS admits only that Plaintiff began working for NAS on March 25, 2019 at its Lambert St. Louis International Airport location and that Plaintiff cleaned commercial aircraft. NAS denies the remaining allegations in paragraph 6 of the Complaint.

1

7. NAS admits only that Plaintiff was paid $15.50 per hour. NAS denies the remaining allegations in paragraph 7 of the Complaint.

8. NAS denies paragraph 8 of the Complaint.

9. NAS states that the allegations in this paragraph are ambiguous or unclear, and that NAS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 and, therefore, denies paragraph 9 of the Complaint.

10. NAS denies paragraph 10 of the Complaint.

11. NAS admits only that Ms. Lopez turned in time sheets to NAS's payroll department. NAS denies the remaining allegations in paragraph 11 of the Complaint.

12. NAS denies paragraph 12 of the Complaint.

13. NAS admits only that on or about May 2, 2019 Plaintiff reported to her supervisor that she believed two NAS employees, including NAS employee Jermaine, were carrying guns on their person while commuting to work. NAS denies the remaining allegations in paragraph 13 of the Complaint.

14. NAS denies paragraph 14 of the Complaint.

15. NAS admits only that it employs a management employee whose name is Paul. NAS denies the remaining allegations in paragraph 15 of the Complaint.

16. NAS denies the alleged advances and denies paragraph 16 of the Complaint.

17. NAS denies paragraph 17 of the Complaint.

18. NAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies paragraph 18 of the Complaint.

19. NAS is without knowledge or information sufficient to form a belief as to Plaintiff's actions and, therefore, denies paragraph 19 of the Complaint.

20. NAS is without knowledge or information sufficient to form a belief as to Plaintiff's conversations with others and, therefore, denies paragraph 20 of the Complaint.

21. NAS admits only that Plaintiff reported an incident regarding NAS employee Jermaine to her supervisor. NAS is without knowledge or information sufficient to form a belief as to Plaintiff's alleged report to the police and, therefore, denies any remaining allegations in paragraph 21 of the Complaint.

22. NAS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint and, therefore, denies paragraph 22.

23. NAS admits only that on May 23, 2019 Plaintiff sent an email to NAS management summarizing her alleged, estimated work hours. NAS denies any alleged unpaid overtime and denies that Plaintiff was entitled to any additional compensation. NAS denies any remaining allegations of paragraph 23 of the Complaint.

24. NAS admits only that Plaintiff resigned from her position on May 28, 2019. NAS denies the remaining allegations of paragraph 24 of the Complaint.

25. NAS denies paragraph 25 of the Complaint.

26. NAS denies paragraph 26 of the Complaint.

27. NAS denies paragraph 27 of the Complaint.

## COUNT I – RETALIATION/ILLEGAL DISCHARGE
## IN VIOLATION OF MISSOURI WHISTLEBLOWER STATUTE,
## MO. REV. STAT. 285.575

28. In response to paragraph 28 of the Complaint, NAS incorporates by reference its responses to paragraphs 1 through 27 above as if fully set forth herein.

29. NAS denies paragraph 29 of the Complaint.

30. NAS denies paragraph 30 of the Complaint.

FP 37059529.2

### COUNT II – RETALIATION UNDER THE FAIR LABOR STANDARDS ACT

31. In response to paragraph 31 of the Complaint, NAS incorporates by reference its responses to paragraphs 1 through 30 above as if fully set forth herein.

32. NAS denies paragraph 32 of the Complaint.

### COUNT III – UNPAID WAGES IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

33. In response to paragraph 33 of the Complaint, NAS incorporates by reference its responses to paragraphs 1 through 32 above as if fully set forth herein.

34. NAS denies paragraph 34 of the Complaint.

35. NAS denies paragraph 35 of the Complaint.

### COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

36. In response to paragraph 36 of the Complaint, NAS incorporates by reference its responses to paragraphs 1 through 35 above as if fully set forth herein.

37. NAS denies paragraph 37 of the Complaint.

38. NAS denies paragraph 38 of the Complaint.

39. NAS denies that Plaintiff is entitled to any relief whatsoever, including the relief sought in the various prayers for relief set forth in unnumbered paragraphs throughout the Complaint.

### AFFIRMATIVE AND OTHER DEFENSES

1. NAS denies each and every allegation, count, claim, and prayer of Plaintiff's Complaint which is not expressly and specifically admitted in this Answer.

2. Plaintiff is not entitled to the relief requested as a matter of fact and/or law.

3. Plaintiff's claims are barred because her Complaint fails to state a claim against NAS upon which relief can be granted. NAS incorporates its factual statements in the remainder of these common and affirmative defenses as if fully set forth in this paragraph.

4. Plaintiff failed to take advantage of any preventative or corrective opportunities provided by NAS to avoid harm otherwise, and in the alternative, NAS took prompt remedial action in response to any complaint made by Plaintiff.

5. Plaintiff was properly paid all wages owed under all applicable laws.

6. Plaintiff's claims are barred, in part, by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts or omissions giving rise to this action occurred in good faith and with reasonable grounds for believing that the acts or omissions were not a violation of the Fair Labor Standards Act of 1938.

7. Plaintiff's claims are barred, in whole or in part, by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, because all actions taken in connection with Plaintiff's compensation were done in good faith in conformity with and in reliance upon written administrative regulations, orders, rulings, approvals, interpretations, administrative practices, and/or enforcement policies of the Wage and Hour Division of the U.S. Department of Labor.

8. Plaintiff's claims are barred by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiff was engaged in activities which were preliminary or postliminary to principal activities or to the extent Plaintiff seeks compensation for time which is not legally compensable working time or is de minimis.

9. Plaintiff's claims are barred, in whole or in part, by exclusions, exceptions, or credits provided for in Section 7 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 207.

5

10. Plaintiff's claims are barred, in whole or in part, because any employment decisions made by NAS were not based on any protected activity, but were made for independent, legitimate, non-discriminatory, and non-retaliatory business reasons.

11. Plaintiff's claim for FLSA retaliation is barred because Plaintiff did not engage in activity protected under the FLSA.  Alternatively, to the extent Plaintiff engaged in any activity protected under the FLSA, Plaintiff's FLSA retaliation claim, nevertheless, is barred because no causal connection exists between such activity and the termination of Plaintiff's employment.

12. Plaintiff's claims are barred, in whole or in part, to the extent that the doctrines of accord and satisfaction, estoppel, laches, release or waiver apply.

13. Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff has failed to exercise reasonable diligence to mitigate her alleged damages.  Alternatively, in the event of a determination of any violation of law (which NAS absolutely denies), NAS would be entitled to reduce any back pay by Plaintiff's interim earnings and/or amounts that could or should have been earned with reasonable diligence.

14. Plaintiff's claims for damages are barred, in whole or in part, because NAS exercised reasonable care and acted in good faith in its efforts to comply with its obligations under the FLSA with respect to Plaintiff's employment.

15. Plaintiff's claims for damages for alleged emotional distress, loss of enjoyment of rights, mental anguish or physical injuries or illnesses are barred, in whole or in part, because the Missouri Workers' Compensation Law provides the exclusive remedy for work-related injuries.

16. Plaintiff's claims for damages are barred, in whole or in part, because any psychological problems or emotional distress Plaintiff claims to suffer are the result of other causes unrelated to NAS.

17.     Plaintiff's claims for damages are barred, in whole or in part, because NAS exercised reasonable care and acted in good faith in its efforts to comply with applicable laws prohibiting retaliation in employment.

18.     Plaintiff's claims for damages are barred, in whole or in part, because any actions taken by NAS were taken entirely without malice and with the good-faith belief that the actions were in compliance with the applicable laws at all times.

19.     Plaintiff's claim for punitive damages are barred by the Missouri and United States Constitutions because the asserted standard for entitlement to punitive damages is vague and arbitrary and the procedure for the assessment of punitive damages violates NAS's rights to due process of law, to equal protection of law, to the right to be free from unlawful taking of property, to the right to be free of excessive fines, and to all other substantive and procedural protections of the Constitution applicable to punitive damages.

20.     NAS reserves the right to add additional affirmative defenses should said defenses be warranted based upon discovery in this case.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant National Aviation Services, LLC prays the Court to enter judgment in its favor, for its costs, for it reasonable attorneys' fees, and for such other relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Lauren M. Sobaski*
J. Randall Coffey, MO Bar # 35070
Lauren M. Sobaski, MO Bar # 68798
**FISHER & PHILLIPS LLP**
4900 Main Street, Suite 650
Kansas City, MO 64112
Phone:  816.842.8770
Facsimile:  816.842.8767
Email:  rcoffey@fisherphillips.com
Email:  lsobaski@fisherphillips.com

ATTORNEYS FOR NATIONAL AVIATION SERVICES, LLC

### CERTIFICATE OF SERVICE

I certify that on this 5th day of February 2020, a true and correct copy of the foregoing **ANSWER** was filed using the Court's CM/ECF system and was served via U.S. Mail, postage prepaid, to the following:

Jeffrey D. Hackney
HKM Employment Attorneys, LLC
13321 N. Outer 40 Drive, Suite 500
Town & County, MO 63017
Phone:  314.448.4282
Email:  jhackney@hkm.com

Attorney for Plaintiff, Brooke Segrest

*/s/ Lauren M. Sobaski*
pLauren M. Sobaski
Attorney for Defendant National Aviation Services

8